## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DONALD CLEESATTLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) | |
| | ) | |
| **ROBERT P. HANDLER;** | ) | |
| **COMMERCIAL RECOVERY** | ) | |
| **ASSOCIATES, LLC; WILLIAM J.** | ) | **EMERGENCY INJUNCTIVE** |
| **FACTOR; and the LAW OFFICE OF** | ) | **RELIEF SOUGHT** |
| **WILLIAM J. FACTOR, LTD. (a/k/a** | ) | |
| **FACTORLAW),** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## <u>VERIFIED COMPLAINT FOR FRAUDULANT CONVEYENCE WITH ACTUAL SPECIFIC INTENT, CIVIL CONSPIRACY, CIVIL THEFT/CONVERSION, INTERLOCUTORY AND PERMANENT INJUNCTIVE RELIEF, DECEIT, MISREPRESENTATION, GEORGIA RICO, AND PUNITIVE DAMAGES AND OTHER RELIEF</u>

**COMES NOW**, Plaintiff Donald Cleesattle, by and through his undersigned

counsel, and files this, his above captioned Verified Complaint (the "**Complaint**"),

showing this Honorable Court as follows:

### I. J<small>URISDICTION AND</small> V<small>ENUE</small>

1.

Plaintiff Donald Cleesattle ("**Plaintiff**") is a resident of Georgia.

2.

Defendant Robert Handler ("**Defendant Handler**") is an Illinois resident and may be served with process at his place of business located at 205 W. Wacker Dr. #1818, Chicago, Illinois 60606 or anywhere else he may be found in the State of Illinois.

3.

Defendant Commercial Recovery Associates, LLC ("**CRA**") is an Illinois limited liability company that can be served with process by serving its registered agent, Robert P. Handler, at 205 W. Wacker Dr. #1818, Chicago, Illinois 60606.

4.

Defendant William J. Factor ("**Factor**") is an Illinois resident and may be served with process at 2740 Prince Street, Northbrook, Illinois 60062 or anywhere else he may be found in the State of Illinois.

5.

Defendant The Law office of William J. Factor, Ltd. ("**FactorLaw**) is an Illinois Limited for profit corporation that can be served with process by serving its registered agent, William J. Factor, at 2740 Prince Street, Northbrook, Illinois 60062.

6.

This court has jurisdiction in this action predicated on 28 U.S.C. § 1332. The Court has pendent or supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 insofar as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Georgia, and the Arbitrator's Order was entered in the Northern District of Georgia.

8.

All Defendants are subject to the personal jurisdiction of this Court as the harms caused by Defendants were felt by Plaintiff in Georgia, Defendants interfered with and violated a Georgia arbitration award issued and awarded in the State of Georgia, and because this matter arises under diversity jurisdiction and the amount in controversy exceeds $75,000.00.

## II.  FACTUAL ALLEGATIONS

9.

Plaintiff was employed by CDNT, Inc. ("**CDNT**") as an Automotive Market Specialist from 2012 to 2022. A dispute arose concerning his employment with CDNT and served as the basis for the underlying arbitration action captioned as *Donald Cleesattle v. CDNT, Inc., a Georgia Corporation d/b/a Can-Do National*

*Tape,* In re Arbitration Proceedings Before Henning Mediation & Arbitration Services (the "Arbitration").[1]

### 10.

On December 21, 2023, which was during the pendency of the Arbitration, Arbitrator Randy Rich issued an Order Granting Claimant's Motion for Sanctions, Striking Defendant's Answer, Rescission and Nullification of any and all Assignments for Benefit of Creditors, Injunction Against Defendant and its Agents and Representatives and Appointment of Receiver and Other Equitable Relief (the "**Order**") in the Arbitration.

### 11.

A true and correct copy of the Order is attached hereto and incorporated herein as **Exhibit "A"**.

### 12.

The Order sanctioned CDNT in favor of Plaintiff in the total amount of $550,000. Order, ¶¶ 1-8.  The Order also stated that the Arbitrator would set a damages hearing in the future.

### 13.

The Order expressly enjoined CDNT as follows:

---

[1] The substantive facts of the underlying Arbitration are not relevant for purposes of this action.

9. Respondent, Respondent's officers, directors, employees, agents, legal counsel, successors, related entities, subsidiaries, transferors, and assignors (collectively 'Respondent Entities') are hereby **permanently enjoined as of December 22, 2023 at 12:00 pm** . . . from:

a. Distributing, wasting, encumbering, disposing, selling, conveying, granting, hypothecating, transferring, assigning, secreting, or otherwise hiding Respondent's assets of any kind or sort, tangible or intangible, including but not limited to cash, money, secured instruments, equity or other stock shares, equipment/machinery, intellectual property, real estate, chose in actions, options, stock, debt instruments in favor of Respondent Entities, furniture, fixtures, vehicles, or inventory.

b. filing bankruptcy;

c. entering into any contract or agreement that binds or impacts Respondent Entities or its assets in any manner, including but not limited to entering an assignment for benefit of creditors;

d. holding themselves out as lawful representatives of CDNT, Inc.;

e. continuing with any actual or alleged Assignment for Benefit of Creditors in any jurisdiction, including prohibition of recording any Deed of Assignment or other similar instrument in the land records of any jurisdiction[.] Order, ¶ 9.

14.

The Order rescinded and nullified an attempted Assignment for the Benefit of Creditors whereby CRA had attempted by Notice to transfer all assets of CDNT and CDNT Holdings, LLC to a trust on or around December 13, 2023 (the "**Notice**"). *Id.* at ¶ 10. Defendant Handler was the alleged trustee-assignee of the aforementioned trust and the fiduciary that was to oversee the assignment and all assets.

15.

The Arbitrator's Order appointed David Watson, Esq. as Receiver over CDNT. *Id.* at ¶ 18.

16.

The Order gave the Receiver "sole and complete authority and discretion . . . [to] take any and all actions at law or in equity, whether in court or otherwise, to oversee the payment of Respondent's creditors as per Georgia law." *Id.* at ¶ 19.

17.

Defendants each received notice of the Order.

18.

 Notwithstanding that neither Defendant Handler, CRA, Factor, nor FactorLaw (together referred to herein as "**Defendants**") had authority to act on behalf of CDNT, and the Order enjoined CDNT (and related entities including legal counsel, successors, and related entities) from filing bankruptcy, on December 23, 2023 (**one day after the Order's permanent injunction began**), Defendants filed

a Chapter 11 Voluntary Petition for Non-Individuals Filing for Bankruptcy (the "**Bankruptcy Petition**" or "**Petition**") for the debtor CDNT.

19.

A true and correct copy of the Bankruptcy Petition is attached hereto as **Exhibit "B"**.

20.

Defendant Handler, the self-proclaimed trustee/assignee for CDNT, and Officer for CRA, signed the Bankruptcy Petition, as the authorized representative of the debtor and titled himself as "Chief Restructuring Officer". Bankruptcy Petition, ¶ 17.

21.

Defendant Factor, of FactorLaw, signed the Bankruptcy Petition, as the attorney for debtor. *Id.* at ¶ 18.

21.

The Bankruptcy Petition incorrectly (and fraudulently) lists Plaintiff as a creditor for an unsecured claim in the amount of $0.00. *Id.* at p. 7.

22.

Defendants lacked standing to file the Bankruptcy Petition.

23.

Defendants lacked authority to represent CDNT.

24.

Defendants were specifically enjoined from filing the Bankruptcy Proceeding, yet they did so anyway.

25.

The Receiver appointed by the Arbitrator (David Watson, Esq) was neither consulted nor did he authorize or approve the filing of the Bankruptcy Petition.

26.

The filing of the Bankruptcy Petition intentionally violated the Arbitrator's Order.

27.

Defendants' unauthorized andintentional attempt to transfer all of CDNT's assets into bankruptcy in violation of the Order, the day after the Order's permanent injunction was effective, was done in bad faith and with actual specific intent to assist CDNT in hindering, delaying, and/or defrauding Plaintiff and to preclude Plaintiff from enforcing the Arbitrator's Order and the sanctions awards and other relief contained therein.

28.

On information and belief, Defendants colluded, schemed, conspired, and acted in the furtherance of their conspiracy, to hinder Plaintiff from collecting the

sanctions award in the Order and misrepresented the Order and the award contained therein at the time of filing the bankruptcy Petition.

29.

During all relevant times that Defendants assisted CDNT in transferring their assets into bankruptcy, Defendants were rendering CDNT insolvent in order to hinder, defraud, and delay Plaintiff, CDNT's creditor.

30.

Defendants, expressly lacking authority to file the Bankruptcy for CDNT and CDNT Holdings, fraudulently and intentionally mislead the Illinois Northern District Bankruptcy Court by concealing the fact that an Arbitrator in Georgia had entered a permanent injunction Order precluding CDNT from filing bankruptcy as well as other remedies.

31.

Defendants intentionally failed to inform the Illinois Northern District Bankruptcy Court that a Receiver had been appointed over CDNT **two** days before they filed their Petition.

32.

Defendants were provided notice of the Arbitrator's Order prior to the filing of the bankruptcy Petition, yet proceeded forward with the filing of the Bankruptcy Petition, not only in violation of the Order, but also in violation of Federal Bankruptcy Court Rule 9011(b) et seq.

33.

A true and correct copy of the email notice to Defendants of the Order is attached hereto as **Exhibit "C"** and incorporated herein by reference.

34.

The Arbitration was governed by agreement of the parties and counsel to use the Henning Mediation & Arbitration Services, Inc. Rules, which afford the Arbitrator plenary power to grant the relief set forth in the Order, to wit:

**III.7**  Once appointed, the Tribunal shall interpret and apply these Rules insofar as they relate to the Tribunal's powers and duties, and the Tribunal shall resolve disputes regarding the interpretation and applicability of these Rules and conduct of the arbitration hearing. The resolution of the issue by the Arbitrator shall be final.

…

1.7 Upon the failure of a Party to comply with these Rules or any order of the Tribunal issued pursuant to these Rules, the Tribunal may, after notice and hearing, impose a time for compliance, sanction or other remedy it deems just and appropriate, including, but not limited to, assessment of costs of the Arbitration and reasonable attorneys' fees; exclusion of evidence and other remedies.

…

1.9 Any party or Representative who becomes aware of a violation of or failure to comply with any provision of these Rules, and fails to promptly object in writing, may be deemed by the Tribunal to have waived the right to object thereto.

…

4.7 The Tribunal may grant interim, interlocutory or injunctive relief including, without limitation, relief and measures for the protection or preservation of assets, the conservation of property, the sale of perishable goods or other relief deemed by the Tribunal appropriate under the circumstances of the Arbitration. Such interim measures may take the form of an interim award, and the Tribunal may require security for the costs of such measure.

### III. CAUSES OF ACTION

**B.      Causes of Action as to All Defendants**

**COUNT II**
**FRAUDULENT TRANSFER WITH ACTUAL SPECIFIC INTENT**

35.

Plaintiff hereby incorporates Paragraphs 1 through 34 of this Complaint into this Count One as if fully set forth herein.

36.

The transfer of CDNT's assets into bankruptcy and filing an unlawful Petition by Defendants was fraudulent as to Plaintiff because it was made with actual and specific intent to hinder, delay, or defraud Plaintiff or any other creditor of CDNT, under O.C.G.A. § 18-2-74(a)(1).

37.

Defendants' actual and specific intent to harm is shown from the fact that Defendants, after receiving actual notice of the Order including the permanent injunction and appointment of a Receiver, continued to act without authority when they filed the Bankruptcy Petition and represented to the federal court in Illinois by filing the Petition that the Petition was not being presented for any improper purpose, such as to cause unnecessary delay, needless increase in costs of litigation, and not to hinder, defraud or delay Plaintiff as a known creditor.

38.

The Order appointed a Receiver over CDNT and permanently enjoined all legal counsel, agents, successors, and related entities from holding themselves out as lawful representatives of CDNT a day before the Petition was filed.

39.

Defendants lacked standing and authority to file and were specifically enjoined from filing the Bankruptcy Petition.

40.

Defendants' unauthorized and contemptuous actions show actual intent to hinder, delay, or defraud Plaintiff.

41.

CDNT Holdings, Inc. is a related entity to CDNT.

42.

The Order also permanently enjoined CDNT and CDNT's legal counsel, agents, successors, to wit; Defendants, and related entities from filing bankruptcy.

43.

Filing of the Petition is *per se* evidence of an express violation of the Order which establishes actual intent to hinder, delay, or defraud Plaintiff.

44.

The fact that Defendants filed the Bankruptcy Petition after notice and the day after the Order's injunction became effective further establishes Defendants' actual intent to hinder, delay, or defraud Plaintiff.

45.

Defendants' transfer of CDNT's assets into bankruptcy is voidable pursuant to O.C.G.A. § 18-2-74(a).

42.

Plaintiff has been harmed by the transfer of CDNT's assets into bankruptcy.

43.

Plaintiff seeks avoidance of the transfer of CDNT's assets into bankruptcy.

44.

Plaintiff further seeks a judgment against Defendant Handler and CRA for the value of the sanctions award in the Order, namely $550,000.00, pursuant to O.C.G.A. § 18-2-78(b)(1)(A) as Defendant Handler fraudulently represented that all assets of CDNT had been transferred to him as Trustee.

## COUNT II
## CIVIL CONSPIRACY

45.

Plaintiff hereby incorporates Paragraphs 1 through 44 of this Complaint into this Count Two as if fully set forth herein.

46.

Defendants have engaged in a civil conspiracy by acting in concert, scheming, colluding, aiding and abetting each other, and with a common design, scheme, enterprise, and plan to hinder, delay, or defraud Plaintiff as described in Count I.

## COUNT III
## CIVIL THEFT/CONVERSION

47.

Plaintiff hereby incorporates Paragraphs 1 through 46 of this Complaint into this Count Three as if fully set forth herein.

48.

The actions of Defendants as described in this Complaint have resulted in a theft by taking of the assets to which Plaintiff is entitled per the Order.

49.

As a result of Defendants' theft by taking and conversion of Plaintiff's assets, Plaintiff has sustained damages in an amount to be proven at trial, but in no event less than $550,000.00.

50.

A sum certain of $150,000.00 was specifically set aside and reserved, as represented by Perkins Coie counsel for CDNT, as a contingent liability outlined as part of an asset purchase agreement from January 2023 concerning the specific claims of Plaintiff raised in the Arbitration.

## COUNT IV
## INTERLOCUTORY AND PERMANENT INJUNCTION

51.

Plaintiff hereby incorporates Paragraphs 1 through 50 of this Complaint into this Count Four as if fully set forth herein.

52.

The Court should enter an interlocutory injunction to preserve the *status quo ante* during the pendency of this action. Contemporaneously with the filing of this Complaint, Plaintiff filed *Petitioner's Emergency Motion for Temporary Injunctive*

*Relief with Incorporated Memorandum of Law* seeking the entry of an emergency temporary injunction preserving the *status quo ante* of CDNT as of the date of the Order and asking the Court to undo Defendants' unauthorized actions in transferring CDNT's assets into bankruptcy and the unlawful filing of the bankruptcy Petition by Defendants without legal standing. Plaintiff further requests that the Court permanently enjoin Defendants from (a) continuing to pursue bankruptcy for CDNT; (b) violating the Order; (c) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT, and (d) interfering with the appointment of the Receiver by the Arbitrator two days before the bankruptcy Petition was filed. Defendants have filed a Motion seeking an Order from the Bankruptcy Court to further dissipate assets of the bankruptcy estate and a hearing is currently scheduled in Chicago, IL for January 3, 2024. Upon information and belief, no Notice of this hearing has been given to the Receiver appointed over CDNT, Inc. as per the Arbitrator's Order. Accordingly, an *ex parte* Order from this Honorable Court is necessary and appropriate.

53.

There is a substantial threat that Plaintiff will suffer irreparable injury if this injunction is not granted since Defendants are currently the individuals/entities actively involved in CDNT's bankruptcy, alleged holders of all assets of CDNT pursuant to the Assignment for the Benefit of Creditors that the Arbitrator's Order

voided, and the same legal persons responsible for seeking to transfer CDNT's assets into bankruptcy, and Defendants have shown their willingness to violate the Order, failure to protect creditors, and take unauthorized actions without proper standing or other legal authority. Defendant Handler, acting as purported Trustee and fiduciary of CDNT, stated in his Notice of Assignment for Benefit of Creditors that Plaintiff was not a priority creditor and would likely not be able to recover anything from CDNT. A true and correct copy of the Notice of Assignment for Benefit of Creditors is attached hereto as **<u>Exhibit "D"</u>** and incorporated herein by reference.

54.

Further, the Order expressly enjoins the filing of bankruptcy, presumably to prevent the scenario that is now happening where a bankruptcy is filed to avoid the Arbitrator's award in the Order, preclude confirmation of same which would enable Plaintiff's status to become a secured creditor, and to ostensibly undermine the entire Arbitration proceeding and the power and authority of the Arbitrator.

55.

The threatened injury to Plaintiff that his monetary award and rights as a judgment creditor could dissipate in bankruptcy (especially in light of the express prohibition on filing bankruptcy in the Order, presumably to avoid what is now happening) outweighs any harm that an injunction may do to Defendants, as an

injunction would merely force Defendants to comply with the Order and not take unauthorized actions.

56.

Although sanctions awards are likely non-dischargeable in bankruptcy, depletion of the assets of CDNT and Plaintiff's current status as an unsecured creditor according to the Petition filed, would render a non-dischargeability order meaningless.

57.

There is a substantial likelihood that Plaintiff will prevail on the merits of his claims at trial.

58.

The granting of the interlocutory injunction will not disserve the public interest as the Petition should be dismissed for violating both federal and state law and applicable rules of the Bankruptcy Court.

## COUNTS V and VI
## DECEIT/MISREPRESENTATION

59.

Plaintiff hereby incorporates Paragraphs 1 through 50 of this Complaint into this Count Five and Six as if fully set forth herein.

60.

By filing the Bankruptcy Petition, Defendants represented to the Court and to creditors, of which Plaintiff is one, that they had legal authority and standing to file such a Petition as per Bankruptcy Rule 9011, and to transfer CDNT's assets into bankruptcy.

61.

Defendants knowingly and intentionally concealed material facts regarding the Order.

62.

Specifically, Defendants swore under oath in the Bankruptcy Petition that Plaintiff is a creditor for an unliquidated, disputed, unsecured claim in the amount of $0.00, and the Petition on Official Form 204 deceitfully states "Breach of Contract arbitration – arbitrator has entered sanctions awards against Debtor.".

63.

The Order, however, includes a sanctions award in the amount of $550,000.00, and Plaintiff's claims in the Arbitration including tort claims, and statutory claims, which would not be dischargeable under the applicable Bankruptcy Rules, particularly 11 U.S.C. 523 and/or 727 et seq.

64.

Defendants acted with scienter as they were given notice of the Order, yet acted anyway on behalf of CDNT in knowing and intentional violation of the Order.

65.

Defendants' false and deceitful representations and omissions were made with the intent of deceiving the federal bankruptcy court, creditors, and delaying and/or preventing Plaintiff from confirming and ultimately recovering the awards and sanctions set forth in the Order.

66.

Upon information and belief, the federal bankruptcy court justifiably and reasonably relied on Defendants' deceitful claim of authority to file the Bankruptcy Petition as well as the truth and accuracy of the Bankruptcy Petition under Bankruptcy Rule 9011 to the detriment of Plaintiff, as a known creditor.

67.

Plaintiff has suffered damages as a result of Defendants' deceit and misrepresentations.

68.

Defendants are liable to Plaintiff for deceit and misrepresentation in an amount to be determined at the trial of this action, to include any and all damages including without limitation, actual, nominal, compensatory and punitive damages pursuant to O.C.G.A. 51-12-5.1 et seq.

**COUNT VII**
**VIOLATIONS OF O.C.G.A. § 16-14-4(b) OF THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("GEORGIA RICO")**

69.

Plaintiff hereby incorporates Paragraphs 1 through 50, and 59 through 68 of this Complaint into this Count Seven as if fully set forth herein.

70.

Defendants' joint acts, including multiple acts of (a) theft by taking under O.C.G.A. § 16-8-2, (b) false swearing under O.C.G.A. § 16-10-71 regarding Defendants' standing and authority to file the Bankruptcy Petition, and (c) theft by deception under O.C.G.A. § 16-8-3 constitute "racketeering activity" within the meaning of O.C.G.A. § 16-14-3(5)(A).

71.

As demonstrated by the facts alleged above, Defendants transferred CDNT's assets into bankruptcy with clear intent to deprive Plaintiff of such funds as a creditor, to attempt to prohibit Plaintiff from confirming an Arbitrator award, and thus establishing the predicate act of theft by taking under O.C.G.A. § 16-8-2.

72.

As shown above, in filing the Bankruptcy Petition, Defendants falsely swore as to such authority and standing, thus establishing the predicate act of Perjury and

other related offenses in violation of Article 4 of Chapter 10 of Title 16, and Bankruptcy Rule 9011.

73.

As demonstrated by the facts alleged above, Defendants lied to the federal bankruptcy court regarding Defendants' standing to file for bankruptcy and the amount of Plaintiff's claim to eliminate Plaintiff as a creditor, thus establishing the predicate act of theft by deception under O.C.G.A. § 16-8-3.

74.

Defendants have engaged in a "[p]attern of racketeering activity" within the meaning of O.C.G.A. § 16-14-3(4)(A) because Defendants have engaged "in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents[.]"

75.

The multiple acts of racketeering do not arise from a single transaction, as they arise from (a) the unauthorized attempt to act on behalf of CDNT by signing the Bankruptcy Petition when Defendant Handler had been removed as Trustee and the Assignment for Benefit of Creditors had been voided, (b) completing Official Forms (such as Form 202 and 204) attached to the Petition that contained deceitful

and misleading information and signing a Declaration of Perjury of Non-Individual Debtors with a representation that "I have examined the information in the documents checked below and I have a reasonable belief that they information as true and correct", (c) the subsequent acts of transferring CDNT's assets into bankruptcy, and (d) causing all creditors to be given notice of the bankruptcy via email across state lines and over the electronic wires.

76.

Defendants have violated O.C.G.A. § 16-14-4(b) by being people "employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity[,]"—the enterprise being the group of individuals associated in fact to place CDNT in bankruptcy.

77.

Plaintiff has been injured as a result of Defendants' violations of O.C.G.A. § 16-14-4(b).

78.

Plaintiff is an "aggrieved person" within the meaning of O.C.G.A. § 16-14-6, and Plaintiff is therefore entitled to the civil remedies set forth in O.C.G.A. § 16-14-6.

79.

Plaintiff has suffered injuries and will continue to suffer injury for which there is no adequate remedy at law.

80.

Unless the Court undoes Defendants' unauthorized transfer of CDNT's assets into bankruptcy and unless Defendants are restrained and immediately enjoined from (a) continuing to pursue bankruptcy for CDNT, (b) violating the Order, (c) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT, and (d) interfering with the appointment of the Receiver by the Arbitrator, Plaintiff will suffer irreparable injury and loss for which there is no adequate remedy at law.

81.

As shown above, Plaintiff is in "immediate danger of significant loss or damage" within the meaning of O.C.G.A. § 16-14-6 and unless the Court issues a restraining order and an injunction mirroring what the Arbitrator already Ordered undoing Defendants' unauthorized transfer of CDNT's assets into bankruptcy and prohibiting each of the Defendants from (a) continuing to pursue bankruptcy for CDNT, (b) violating the Order, (c) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT, and (d) interfering with the appointment of the Receiver by the Arbitrator.

82.

Pursuant to O.C.G.A. § 16-14-6(b), Plaintiff *shall* be granted injunctive relief *without a showing of special or irreparable damage*.

83.

Plaintiff is entitled to recover their damages from each of the Defendants in an amount equal to "three times the actual damages sustained" within the meaning of O.C.G.A. § 16-14-6(c).

84.

Plaintiff is entitled to recover punitive damages in accordance with O.C.G.A. § 16-14-6(c).

85.

Plaintiff is entitled to recover attorneys' fees and their "costs of investigation and litigation reasonably incurred" in accordance with O.C.G.A. § 16-14-6(c).

## COUNT VIII
## VIOLATIONS OF O.C.G.A. § 16-14-4(C) OF THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("GEORGIA RICO")

86.

Plaintiff hereby incorporates Paragraphs 1 through 50, and 59 through 85 of this Complaint into this Count Eight as if fully set forth herein.

87.

Defendants have conspired with one another to transfer all of CDNT's assets into bankruptcy in violation of the Order and to avoid payment of the sanctions award to Plaintiff through a pattern of racketeering activity and Defendants have each taken overt acts in furtherance of their conspiracy in violation of O.C.G.A. § 16-14-4(c).

88.

Defendants' acts which constitute "racketeering activity" within the meaning of O.C.G.A. § 16-14-3(5)(A) include multiple acts of (a) theft by taking under O.C.G.A. § 16-8-2, and (b) false swearing under O.C.G.A. § 16-10-71 regarding Defendants' standing and authority to file the Bankruptcy Petition, and (c) theft by deception under O.C.G.A. § 16-8-3 constitute "racketeering activity" within the meaning of O.C.G.A. § 16-14-3(5)(A).

89.

As demonstrated by the facts alleged above, Defendants transferred CDNT's assets into bankruptcy with clear intent to deprive Plaintiff of such funds, thus establishing the predicate act of theft by taking under O.C.G.A. § 16-8-2.

90.

As shown above, in filing the Bankruptcy Petition, Defendants falsely swore as to such authority and standing, thus establishing the predicate act of Perjury and other related offenses in violation of Article 4 of Chapter 10 of Title 16.

91.

As demonstrated by the facts alleged above, Defendants lied to the federal bankruptcy court regarding Defendants' standing to file for bankruptcy and the amount of Plaintiff's claim to eliminate Plaintiff as a creditor, thus establishing the predicate act of theft by deception under O.C.G.A. § 16-8-3.

92.

Defendants have engaged in a "[p]attern of racketeering activity" within the meaning of O.C.G.A. § 16-14-3(4)(A) because Defendants have conspired to engage "in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents[.]"

93.

The multiple acts of racketeering do not arise from a single transaction, as they arise from (a) the unauthorized attempt to act on behalf of CDNT by signing the Bankruptcy Petition when Defendant Handler had been removed as Trustee and

the Assignment for Benefit of Creditors had been voided, (b) completing Official Forms (such as Form 202 and 204) attached to the Petition that contained deceitful and misleading information and signing a Declaration of Perjury of Non-Individual Debtors with a representation that "I have examined the information in the documents checked below and I have a reasonable belief that they information as true and correct"  (c) the subsequent acts of transferring CDNT's assets into bankruptcy, and (d) causing all creditors to be given notice of the bankruptcy via email across state lines and over the electronic wires.

94.

Plaintiff has been injured as a result of Defendants' violations of O.C.G.A. § 16-14-4(c).

95.

Plaintiff is an "aggrieved person" within the meaning of O.C.G.A. § 16-14-6, and Plaintiff is therefore entitled to the civil remedies set forth in O.C.G.A. § 16-14-6.

96.

Plaintiff has suffered injuries and will continue to suffer injury for which there is no adequate remedy at law.

97.

Unless the Court undoes Defendants' unauthorized transfer of CDNT's assets into bankruptcy and unless Defendants are restrained and immediately enjoined from (a) continuing to pursue bankruptcy for CDNT, (b) violating the Order, (c) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT, and (d) interfering with the appointment of the Receiver by the Arbitrator, Plaintiff will suffer irreparable injury and loss for which there is no adequate remedy at law.

98.

As shown above, Plaintiff is in "immediate danger of significant loss or damage" within the meaning of O.C.G.A. § 16-14-6 and unless the Court issues a restraining order and an injunction undoing Defendants' unauthorized transfer of CDNT's assets into bankruptcy and prohibiting each of the Defendants from (a) continuing to pursue bankruptcy for CDNT, (b) violating the Order, (c) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT, and (d) interfering with the appointment of the Receiver by the Arbitrator.

99.

Pursuant to O.C.G.A. § 16-14-6(b), Plaintiff shall be granted injunctive relief *without a showing of special or irreparable damage.*

100.

Plaintiff is entitled to recover their damages from each of the Defendants in an amount equal to "three times the actual damages sustained" within the meaning of O.C.G.A. § 16-14-6(c).

101.

Plaintiff is entitled to recover punitive damages in accordance with O.C.G.A. § 16-14-6(c).

102.

Plaintiff is entitled to recover attorneys' fees and their "costs of investigation and litigation reasonably incurred" in accordance with O.C.G.A. § 16-14-6(c).

## COUNT IX
## PUNITIVE DAMAGES

103.

Plaintiff hereby incorporates Paragraphs 1 through 50, and 59 through 102 of this Complaint into this Count Nine as if fully set forth herein.

104.

Defendants' conduct exhibited such willful misconduct, wantonness, and that entire want of care which would raise the presumption of conscious indifference to the consequences such that punitive damages should be awarded pursuant to O.C.G.A. § 51-12-5.1 et seq., including punitive damages for the specific intent to harm showed by Defendants as previously set forth hereinabove.

105.

Plaintiff is therefore entitled to recover punitive damages from Defendants.

## ATTORNEY'S FEES AND COSTS OF LITIGATION

106.

Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

107.

For example, Defendants have acted with actual intent to hinder, delay, and defraud Plaintiff by filing the Bankruptcy Petition without standing and in express violation of the Arbitrator's Order the day after the Order's injunction enjoining such actions became effective.

108.

As a result, Plaintiff is entitled to recover reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11, and as otherwise allowed by law, including without limitation as allowed by specific statutory provisions.

**WHEREFORE**, Plaintiff Donald Cleesattle prays for the following relief:

(a)     That a jury trial be had;

(b)     Judgment in favor of Plaintiff on all Counts;

(c)     That Plaintiff recover damages in an amount to be established at trial, but in no event less than $550,000.00;

(d)   That Plaintiff recover their actual attorney's fees and litigation expenses incurred pursuant to Georgia RICO;

(e)   That this Court award Plaintiff injunctive relief that (1) undoes Defendants' unauthorized transfer of CDNT's assets into bankruptcy, and (2) restrains and immediately enjoins Defendants from (i) continuing to pursue bankruptcy for CDNT, (ii) violating the Order, and (iii) acting on behalf of CDNT and/or holding themselves out as lawful representatives of CDNT;

(f)   That this Court order that Plaintiff is entitled to avoidance of the fraudulent transfer of CDNT's assets into bankruptcy to the extent necessary to satisfy Plaintiff's claims and the sanctions award in the Order, pursuant to O.C.G.A. § 18-2-77(a)(1);

(g)   That this Court order an attachment or other provisional remedy against CDNT's funds transferred into bankruptcy, pursuant to O.C.G.A. § 18-2-77(a)(2);

(h)   That this Court grant an injunction against further disposition by Defendants of CDNT's assets, pursuant to O.C.G.A. § 18-2-77(a)(3);

(i)   That this Court award Plaintiff damages against the Defendants jointly and severally in an amount to be proven at trial;

(j)     That punitive damages be awarded against Defendants pursuant to O.C.G.A. § 51-12-5.1 et seq., and for the shown specific intent to harm Plaintiff;

(k)     That Plaintiff recover actual attorney's fees and litigation expenses incurred pursuant to O.C.G.A. § 13-6-11; and

(l)     That this Court grant Plaintiff such other and further relief as this Court deems just, proper and equitable under the circumstances.

Respectfully submitted this 2nd day of January, 2024.

**CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

By: */s/ Alex B. Kaufman*
Alex B. Kaufman
Georgia Bar No. 136097
Kurt R. Hilbert
Georgia Bar No. 352877

11770 Haynes Bridge Road
G# 205-219
Alpharetta, Georgia 30009-1968
Phone: (404) 964-5587
E-Mail: AKaufman@ChalmersAdams.com
E-Mail: KHilbert@ChalmersAdams.com
*Attorneys for Plaintiff*

## **Exhibit A**

Order Granting Claimant's Motion for Sanctions, Striking Defendant's Answer, Rescission and Nullification of any and all Assignments for Benefit of Creditors, Injunction Against Defendant and its Agents and Representatives and Appointment of Receiver and Other Equitable Relief

## **Exhibit B**

Bankruptcy Petition

# **Exhibit C**

Email Notice of Order

## **Exhibit D**

Notice of Assignment for Benefit of Creditors

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized to administer oaths, DONALD CLEESATTLE, who, upon first being duly sworn on oath, deposes and states that to the best of his knowledge, information, and belief the facts contained in the within **VERIFIED COMPLAINT** are true and correct.

This ___2___ day of ~~December~~ January 2024, ~~2023.~~

Donald Cleesattle

Sworn to and subscribed before me this

___2___ day of ~~December, 2023~~ January 2024.

_____
NOTARY PUBLIC          {Notary Seal}



**LOCAL RULE 7.1D CERTIFICATE OF COMPLIANCE**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the under-

signed Counsel certifies that this *Verified Complaint* is a computer document and

was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: January 2, 2024.

*/s/ Alex B. Kaufman*
*Counsel for Plaintiff Cleesattle*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the opposing parties in the foregoing matter with a copy of the **VERIFIED COMPLAINT** by depositing a true and correct copy in the United States Mail with sufficient first-class postage affixed thereon and properly addressed as follows:

Robert Handler
205 W. Wacker Dr. #1818
Chicago, Illinois 60606

Commercial Recovery Associates,
LLC
205 W. Wacker Dr. #1818
Chicago, Illinois 60606


William J. Factor
2740 Prince Street
Northbrook, Illinois 60062

The Law Office of William J.
Factor, Ltd.
2740 Prince Street
Northbrook, Illinois 60062


This 2nd day of January, 2024.

**CHALMERS, ADAMS, BACKER & KAUFMAN, LLC**

By: */s/ Alex B. Kaufman*
Alex B. Kaufman
Georgia Bar No. 13609
Kurt R. Hilbert
Georgia Bar No. 352877

11770 Haynes Bridge Road
G# 205-219
Alpharetta, Georgia 30009-1968
Phone: (404) 964-5587
E-Mail: AKaufman@ChalmersAdams.com
E-Mail: KHilbert@ChalmersAdams.com
*Attorneys for Plaintiff*